# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.T.; HOI TRAN; GIUP NGUYEN, <br><br> Plaintiffs, <br> vs. <br> MICHAEL J. ASTRUE, Commissioner of Social Security Administration, <br><br> Defendant. | CASE NO. 10cv314-WQH-BGS <br><br> ORDER |

HAYES, Judge:

The matter before the court is the review of the Report and Recommendation (ECF No. 33) issued by United States Magistrate Judge Bernard G. Skomal, recommending that Defendant's Motion to Dismiss (ECF No. 22) be granted in part and denied in part.

## BACKGROUND

On March 8, 2010, Plaintiffs S.T.,[1] Hoi Tran, and Giup Nguyen, represented by counsel, filed their First Amended Complaint and petition for writ of mandamus ("FAC"). Plaintiffs allege that, although the Social Security Administration ("SSA") has found all three Plaintiffs disabled and entitled to benefits, their benefits and associated attorney's fees have not been paid. Plaintiffs seek payment of retroactive benefits pursuant to section 1614(a)(3)(C) of the Social Security Act (the "Act"), 42 U.S.C. §1383(c)(3), and attorney's fees pursuant to 42 U.S.C. § 406(a). The FAC seeks an order that Plaintiffs be paid retroactive benefits and §

---

[1] Because the lead Plaintiff is a minor, only his initials are used. *See* Fed. R. Civ. P. 5.2(a)(3).

1  406(a) attorney's fees.

2  On September 9, 2010, Defendant filed a Motion to Dismiss the FAC. (ECF No. 22).
3  Defendants contend that (1) "Plaintiffs' non-payment claims are moot; therefore the Complaint
4  should be dismissed because Plaintiffs lack standing and the Court lacks subject matter
5  jurisdiction"; and (2) the FAC fails to state a claim upon which relief may be granted. (ECF
6  No. 22-1 at 11).

7  On June 1, 2011, the Magistrate Judge issued the Report and Recommendation. (ECF
8  No. 33). The Magistrate Judge recommended that "Defendant's motion to dismiss Plaintiff
9  S.T., Nguyen, and Tran's claims for lack of subject matter jurisdiction be GRANTED without
10 leave to amend; Defendant's motion to dismiss for failure to state a claim be DENIED AS
11 MOOT; and Plaintiff Tran's request to petition for 406(b) attorney's fees be DENIED as
12 premature." *Id.* at 11. The Report and Recommendation provided that any objections should
13 be filed no later than June 15, 2011.

14 The docket reflects that no objections to the Report and Recommendation have been
15 filed.

16                    REVIEW OF THE REPORT AND RECOMMENDATION

17 The duties of the district court in connection with a report and recommendation of a
18 magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b).
19 The district judge must "make a de novo determination of those portions of the report ... to
20 which objection is made," and "may accept, reject, or modify, in whole or in part, the findings
21 or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not
22 review de novo those portions of a Report and Recommendation to which neither party objects.
23 *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d
24 1114, 1121-22 (9th Cir. 2003) (en banc).

25 After review of the Report and Recommendation and the submissions of the parties, the
26 Court concludes that the Magistrate Judge correctly found that, based upon the undisputed
27 evidence in the record, each Plaintiff has received all retroactive benefits to which he was
28 entitled, and Plaintiffs' counsel has received attorney's fees pursuant to § 406(a). Accordingly,

1  the Magistrate Judge correctly concluded that Defendant has shown that Plaintiffs' claims are
2  moot, and the FAC should be dismissed for lack of subject matter jurisdiction pursuant to
3  Federal Rule of Civil Procedure 12(b)(1). *Cf. Los Angeles County v. Davis*, 440 U.S. 625, 631
4  (1979) ("[J]urisdiction, properly acquired, may abate if the case becomes moot because (1) it
5  can be said with assurance that there is no reasonable expectation that the alleged violation will
6  recur, and (2) interim relief or events have completely and irrevocably eradicated the effects
7  of the alleged violation."); *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Because
8  standing and mootness both pertain to a federal court's subject-matter jurisdiction under
9  Article III, they are properly raised in a motion to dismiss under Federal Rule of Civil
10 Procedure 12(b)(1)...."). The Magistrate Judge correctly recommended that the Motion to
11 Dismiss be denied as moot in all other respects. Finally, the Magistrate Judge correctly
12 recommended that Plaintiff Hoi Tran's request to petition for attorney's fees pursuant to 42
13 U.S.C. § 406(b) be denied.

## CONCLUSION

15     IT IS HEREBY ORDERED that: (1) the Report and Recommendation is ADOPTED
16 in its entirety (ECF No. 33); (2) the Motion to Dismiss Plaintiffs' claims for lack of subject
17 matter jurisdiction is GRANTED, and in all other respects the Motion to Dismiss is DENIED
18 as moot (ECF No. 22); and Plaintiff Tran's request to petition for 406(b) attorney's fees is
19 DENIED. The Clerk of the Court shall close this case.

DATED: July 7, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge